IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : CRIMINAL ACTION NO. |
| | : 1:11-CR-455-ODE-CCH |
| CHARLES DANIELS, DYSON | : |
| McCRAY, and JAMAIL BISCAINO | : |

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Criminal Local Rules 12.1(E) and 58.1(A)(3).

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. Failure to file an objection to the Report and Recommendation waives a party's right to review. Fed. R. Crim. P. 59(b)(2).

Pursuant to 18 U.S.C. 3161(h)(1)(D), the above referenced fourteen (14) days allowed for filing objections are **EXCLUDED** from the computation of time under the Speedy Trial Act. At the end of such fourteen-day period, if there are no objections, the Clerk is **DIRECTED** to submit this Report and Recommendation to the District Judge. If there are objections, the other party or parties shall have fourteen (14) days from the filing of those objections to respond, and that fourteen-day period shall also be **EXCLUDED** from the computation of time under the Speedy Trial Act. Thereafter, the Report and Recommendation along with any objections and responses shall be submitted to the District Judge.

After such submission of this Report and Recommendation to the District Judge, whether or not any objection has been filed, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time under the Speedy Trial Act the time, up to thirty (30) days, that this Report and Recommendation is under advisement before the District Court. *Henderson v. United States*, 476 U.S. 321, 331 (1986) (the Speedy Trial Act "exclude[s] all time that is consumed in placing the trial court in a position to dispose of a motion"); *United States v. Mers*, 701 F. 2d 1321, 1337 (11th Cir. 1983)

("[T]he magistrate and the district court have thirty days each during which to take pretrial motions under advisement.").

IT IS SO ORDERED this 18th day of November, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA :
:
v. : CRIMINAL ACTION NO.
: 1:11-CR-455-ODE-CCH
CHARLES DANIELS, DYSON :
McCRAY, and JAMAIL BISCAINO :

**REPORT AND RECOMMENDATION ON MOTIONS TO SEVER**

Defendants are charged with armed bank robbery. Defendant McCray has filed a motion to sever [33] his case from that of the other defendants based on Bruton v. United States, 391 U.S. 123 (1968). Defendant Biscaino also filed a motion to sever [32], but on different grounds. At the pretrial conference, however, he orally amended his motion to withdraw the original grounds he had asserted for severance and to adopt the grounds asserted by Defendant McCray and to base his motion on Bruton.

Essentially both defendants argue that statements given by one or more of their co defendants inculpate the movants; could be admitted into evidence; the defendants who made those statements might rightfully refuse to testify, and movants would thereby by deprived of their right to confront and cross examine witnesses against

them. If that were likely to occur then both Defendants would, as they argue, be entitled to a severance under Bruton.

The Government does not deny that severance would likely be required if all the defendants go to trial, but at this stage in the proceedings it does not know which, if any, defendants are going to plea and whether any defendants will testify as part of a plea agreement. If they do plea and testify, then Defendants McCray and Biscaino will have the right to confront and cross examine them. If pleas are not forthcoming, however, and the Government intends to use co-defendant statements that can not be redacted to remove any inculpatory evidence against either or both Defendants McCray and Biscaino, then it agrees that it must so advise the District Court and join with one or both movants in seeking a severance.

Unfortunately, these matters do not usually resolve themselves until a case has been put on a trial calendar. As a consequence, Defendants' motions to sever on the basis of Bruton, are premature, and should be **DENIED**, without prejudice to either or both Defendants refiling their motions if it later appears that the Government is going to introduce a statement of a co-defendant which implicates them and the co-defendant is not going to be subject to cross examination.

Accordingly, the undersigned **RECOMMENDS** that Defendants' motions [32]and [33 ] be **DENIED, without prejudice.**

**IT IS SO RECOMMENDED** this 18th day of November, 2011.

$\overline{\phantom{XXXXXXXXXXXXXXXXXXXXXXXX}}$
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE